UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAY DOUGLAS BARKER,<br><br>Defendant. | Cr. No. 3:25-cr-206<br><br>**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT** |

Defendant Jay Douglas Barker, through his attorney Assistant Federal Public Defender Rhiannon Gorham, objects to the Presentence Investigation Report ("PSIR"), filed June 1, 2026, Doc. 33, as follows:

Mr. Barker objects to the Career Offender finding (USSG § 4B1.1) as outlined below[1]. Mr. Barker specifically objects to the paragraphs corresponding to the Career Offender finding at paragraphs 17, 20, 38, and 69.

### ARGUMENT

I.  **Federal bank robbery, in violation of 18 U.S.C. § 2113(a) is not a crime of violence because it is indivisible and punishes conduct that does not require force and does not meet the Guideline definition of "robbery" or "extortion."**

Mr. Barker asserts that he cannot qualify as a career offender because he has not been convicted of a crime of violence. *See* USSG §§ 4B1.1, 4B1.2. Bank robbery, in violation of 18 U.S.C. § 2113(a) is not a crime of violence because it criminalizes

---

[1] Expanding upon Defendant's objections as noted in the Addendum to the Presentence Report.

robbery by extortion, the extortion required for the offense is broader than the Guidelines definition of extortion, and the first paragraph of § 2113(a) is indivisible.

### A. The robbery statute is overbroad because it criminalizes some conduct that does not require force and does not meet the definition of "robbery" or "extortion."

The career offender guideline increases the guideline range if a defendant has committed a crime of violence or a controlled substance offense and has at least two prior convictions for a felony that is a crime of violence or a controlled substance offense. USSG § 4B1.1. Section 4B1.2 defines "crime of violence." USSG § 4B1.2(a). An offense is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause" or "force clause"), or if it is one of several enumerated offenses, including robbery and extortion (the "enumerated offense" clause). *Id.* Thus, federal bank robbery could be a crime of violence under § 4B1.2 if it requires the use, attempted use, or threatened use of force, or if it meets the Guideline definition of "robbery" or "extortion." *Id.*

The Court should use the categorical approach to determine if bank robbery is a crime of violence, and the modified categorical approach to determine if the first paragraph of § 2113(a) describes multiple crimes with separate elements, or multiple means of committing one offense – in other words, whether the statute is divisible or indivisible. *United States v. Schneider*, 905 F.3d 1088, 1090-91 (8th Cir. 2018). The bank robbery statute provides, in relevant part:

> (a)    Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts

> to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

The first paragraph here is overbroad – it describes conduct that does not involve force and is not robbery or extortion. The first paragraph describes three ways a person could unlawfully take property from a bank: by force and violence, by intimidation, or by extortion. *See id.*; *United States v. Burwell*, 122 F.4th 984, 986 (D.C. Cir. 2024).

Robbery by extortion does not satisfy the elements clause. A taking by force or violence, or by intimidation, would be a crime of violence because it involves the use or threatened use of force. *See* USSG 4B1.2(a)(1); *United States v. Spratt*, 141 F.4th 931, 936 (8th Cir. 2025); *Burwell*, 122 F.4th at 986. A taking by extortion, however, would not. *See Burwell*, 122 F.4th at 986. Robbery by extortion "does not necessarily involve the use or threatened use of force . . . because extortion can be accomplished using a threat of something other than violence, such as a threat of economic loss or a threat to reveal compromising information." *Id.* at 989. For example, a person who coerces a bank manager to hand over cash or else the robber

3

will reveal that the manager obtained his college degree, and thus, his job, by cheating, commits robbery by extortion. *See* 18 U.S.C. § 2113(a). But such an offense does not require the use, attempted use, or threatened use of force. Because robbery by extortion can be committed by conduct that does not rise to the level of force, it is not a crime of violence under the force clause.

Because robbery by extortion does not satisfy the force clause, the Court should consider whether it meets the definition of "robbery" or "extortion" as used in the enumerated offense clause. First, robbery by extortion does not meet the Guideline definition of "robbery." *See* USSG § 4B1.2(e)(3). The career offender guideline defines "robbery" as:

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. The phrase "actual or threatened force" refers to force that is sufficient to overcome a victim's resistance.

*Id.*

For the same reason robbery by extortion does not meet the force clause, it does not satisfy this definition of "robbery." Robbery by extortion may be committed by threats of economic harm or threats to reveal sensitive information. *Burwell*, 122 F.4th at 986. Such threats do not require "actual or threatened force, or violence, or fear of injury, immediate or future, to . . . person or property." *See id.*; USSG § 4B1.2(e)(3).

Nor does bank robbery by extortion meet the Guideline definition of "extortion." The career offender guideline defines "extortion" as the "obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury. USSG § 4B1.2(e)(2). But bank robbery by extortion can be accomplished by conduct that does not involve force or the fear or threat of physical injury. *Burwell*, 122 F.4th at 989. It can be accomplished by lesser threats, including a threat of economic loss or the threat to reveal compromising information. *Id.* Such threats, while sufficient to establish bank robbery, do not require force or the fear or threat of injury. Thus, bank robbery covers more conduct than the guideline definition of "extortion."

Bank robbery, as defined in the first paragraph of § 2113(a), criminalizes more conduct than either the force clause or the enumerated offense clause. It is overbroad.

### B.    The robbery statute is indivisible.

Because the statute at issue criminalizes some conduct that is not a crime of violence, the court must apply the modified categorical approach to determine whether the statute defines multiple crimes, or different means of committing one crime. *Schneider*, 905 F.3d at 1090-91. In other words, the court must decide if the first paragraph is divisible or indivisible. *See id.*; *see, generally, Mathis v. United States*, 579 U.S. 500 (2016) (explaining modified categorical approach).

As the D.C. Circuit explained in *Burwell*, the first paragraph of § 2113(a) is indivisible. *Burwell*, 122 F.4th at 990. First, each of the offenses described in that

5

paragraph carry the same punishment. *See* 18 U.S.C. § 2113(a). While the existence of matching penalties is not dispositive, it is a factor that points toward the alternatives being alternative means. *Burwell*, 122 F.4th at 990. Second, the structure of the statute indicates the first paragraph is indivisible. *Id.* Congress chose to group robbery by force, robbery by intimidation, and robbery by extortion into a single paragraph. *Id.* If Congress had meant to establish separate crimes, it could have divided them into separate paragraphs, as it did with the second paragraph of § 2113, or into a separate subsection. *Id.* Congress's choice to group extortion with force and intimidation shows that it did not intend for robbery by extortion to be a separate crime. *Id.* Third, the statute does not identify separate *mens re*a elements for the forms of robbery. *Id.* at 991. Separate mental state requirements can suggest that the forms are separate elements. *Id.* Fourth, the legislative history supports a finding of indivisibility. *Id.* The bank robbery statute was amended in 1986 to clarify that extortion "is a third means of committing the single offense of bank robbery." *Id.* at 991-92. (citing H.R. Rep. No. 99-797, at 33 (1986) and describing circuit split). Congress did not intend to add a new offense of robbery by extortion, but to clarify that the statute already covered this offense. *Id.* at 992.

The first paragraph of § 2113(a) can be reduced to one crime, with two elements: (1) obtaining possession of bank property; and (2) by unlawful means. *Id.* at 991. The second element of that crime can be established by one of three means: force and violence, intimidation, or extortion. *See id.* This is an indivisible offense.

6

Because the paragraph is indivisible and criminalizes conduct that does not meet either the force or enumerated offense clause of the career offender guideline, bank robbery in violation of 2113(a) is not a crime of violence.

Mr. Barker acknowledges that the Eighth Circuit has found that a violation of § 2113(a) is a crime of violence because robbery by intimidation "requires 'a threat of physical force.'" *United States v. Spratt*, 141 F.4th 931, 936 (8th Cir. 2025) (quoting *Estell v. United States*, 924 F.3d 1291, 1292–93 (8th Cir. 2019)); *see also Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (per curiam); *United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017) (addressing career offender guideline). None of these cases, however, address robbery by extortion or the divisibility of the first paragraph of § 2113(a). Instead, they each analyzed whether "intimidation" was sufficient to establish the threatened use of force. *Spratt*, 141 F.4th at 936-37; *Estell*, 924 F.3d at 1293; *Kidd*, 929 F.3d, at 581; *Harper*, 869 F.3d at 626. Because they fail to address that this paragraph is overbroad and covers conduct that does not satisfy the force clause or the Guidelines definitions of "robbery" or "extortion," they do not establish that bank robbery is a crime of violence.

## CONCLUSION

The first paragraph of § 2113(a) is indivisible and overbroad. It identifies three separate means of committing one offense – bank robbery. One of those means is overbroad. Robbery by extortion can be committed without the use, attempted use, or threatened use of force, and criminalizes more conduct than the Guideline definition of "robbery" or "extortion." Because bank robbery criminalizes more

conduct than identified in the force or enumerated offense clauses, it is not a crime of violence for purposes of the career offender guideline. The career offender guideline does not apply to this case.

Dated this 1st day of June, 2026.

Respectfully submitted,

JASON J. TUPMAN
Federal Public Defender
By:

*/s/  Rhiannon Gorham*
Rhiannon Gorham
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
Districts of South Dakota and North Dakota
112 Roberts Street North, Suite 200
Fargo, ND 58102
Telephone: 701-239-5111
Facsimile:  701-239-5098
filinguser_SDND@fd.org

CERTIFICATE OF SERVICE

I certify that I filed the **Defendant's Objections to Presentence Investigation Report** with the Clerk of the District Court by using the CM/ECF system on June 1, 2026.

I further certify that a copy of this document was sent on June 1, 2026, via electronic mail to:

| | |
|---|---|
| Jennifer Klemetsrud Puhl | jennifer.puhl@usdoj.gov, CaseView.ECF@usdoj.gov, Laura.Loven@usdoj.gov, Trina.Hiemer@usdoj.gov, michelle.meyer@usdoj.gov, tonia.jacobson@usdoj.gov, usand.ecfcriminal@usdoj.gov, vicki.thompson@usdoj.gov |
| Matthew D. Greenley | matthew.greenley@usdoj.gov, CaseView.ECF@usdoj.gov, Jennifer.huber@usdoj.gov, alyssa.klever@usdoj.gov, denise.tommerdahl@usdoj.gov, nicole.olson@usdoj.gov, tonia.jacobson@usdoj.gov, usand.ECFcriminal@usdoj.gov |
| Jacob T. Rodenbiker | jake.rodenbiker@usdoj.gov, Alyssa.Klever@usdoj.gov, CaseView.ECF@usdoj.gov, denise.tommerdahl@usdoj.gov, tonia.jacobson@usdoj.gov, usand.ecfcriminal@usdoj.gov |

*/s/ Rhiannon Gorham*
Rhiannon Gorham
Assistant Federal Public Defender
Attorney for Defendant

9