IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAY DOUGLAS BARKER,<br><br>Defendant. | Case No. 3:25-CR-00206<br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM** |

The United States of America, by Nicholas W. Chase, United States Attorney for

the District of North Dakota, and Jennifer Klemetsrud Puhl, First Assistant United States

Attorney, submits this sentencing memorandum in support of the application of the

career-offender guideline.  Specifically, Barker's prior convictions for robbery under

Idaho state law and bank robbery under federal law are "crimes of violence," as the

guidelines define that term.  Sentencing in this matter is scheduled for June 8, 2026.

> **I.    Because Defendant Committed Two Idaho Robberies and One Federal Robbery, the PSIR Correctly Designates Defendant as a Career Offender Under the Guidelines**
>
> **A. Legal Principles**

The United States Sentencing Guidelines § 4B1.1 creates a sentencing

enhancement for career offenders that is based upon the "offense statutory maximum."[1] A

defendant is a career offender if he was an adult when he was convicted of a federal or

---

[1] Because the "offense statutory maximum" for bank robbery under 18 U.S.C. § 2113 is 20 years, Barker's base offense level is increased from 20 levels to 32 levels in the event the Court determines that the career-offender guideline applies.

state felony offense "that is either a crime of violence or a controlled substance offense," and he has "at least two prior felony convictions for either a crime of violence or a controlled substance offense." § 4B1.1(c).  Here, Barker has two prior Idaho robbery convictions in 1989 and 1999, and a federal robbery conviction in 2017. Doc. 33, Presentence Investigation Report ("PSIR") at ¶¶ 31, 32, and 34; See (Attachments 1 and 2.)  The parties disagree on whether these are "crimes of violence" for purposes of the career-offender guideline.

Section 4B1.2(a) of the sentencing guidelines define "crime of violence" as a federal or state felony offense that:

(1) has an element the use, attempted use, or threatened use of physical force against the person of another; or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery,** arson, **extortion,** or the unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2(a)(emphasis added).  Courts typically refer to subsection (1) as the elements clause and subsection (2) as the enumerated-offenses clause.

In determining whether a prior conviction is a "crime of violence" for career offender purposes, the courts use the Supreme Court's categorical approach. United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016).  In Taylor v. United States, 495 U.S. 575, 600 (1990), the Supreme Court held that in determining whether a defendant necessarily pleaded guilty to (or was convicted of) a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 9249(e), the court should consider only whether the statutory elements of the prior conviction match the "generic" offense, thus adopting the

2

"categorical approach." All the circuits have since held that this same "categorical approach" applies to a determination of whether a prior conviction is a "crime of violence" or a "controlled substance" offense under the career-offender guideline. United States v. Brown, 73 F.4th 1011, 1014 (8th Cir. 2023). If the statute is generic—that is, it requires all the elements of the generic crime be present before it is violated—all convictions under the statute necessarily count as predicates and there is no need for further analysis. United States v. Howard, 742 F.3d 1334, 1345 (11th Cir. 2014). However, when a statute encompasses different crimes, some of which qualify as a crime of violence, and some of which do not, courts use a "modified categorical approach" to determine which part of the statute was the basis for conviction. United States v. Vinton, 631 F.3d 476, 484 (8th Cir. 2011). Under this scenario, a court may examine the trial record, including charging documents, jury instructions, written plea agreements, and transcripts of plea colloquies. Id. at 485.

### B. Idaho Robbery Qualifies as a Crime of Violence Under the Enumerated-Offenses Clause.

In this case of first impression, the United States submits that Barker's Idaho robbery convictions are "crimes of violence" under the enumerated-offenses clause because the crime matches the newly defined guidelines definition of robbery. The Idaho robbery statute provides: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.[2]" Idaho Code § 18-6501.

---

[2] "The fear which constitutes robbery may either be:

### 1. Pre-2016 Ninth Circuit law held an Identical Statute Qualified as a Crime of Violence

In United States v. Becerril-Lopez, 541 F.3d 881, 891 (9th Cir. 2008), the Ninth Circuit held that the California robbery statute—which is identical to the Idaho robbery statute at issue here[3]—qualified as a crime of violence under an enumerated-offenses clause in a similar crime-of-violence definition in former USSG § 2L1.2. More specifically, the Ninth Circuit concluded that California robbery was coextensive with enumerated robbery and enumerated extortion. United States v. Becerril-Lopez, 541 F.3d 881, 892 (9th Cir. 2008).

The Court first analyzed whether California robbery was a categorical match with generic robbery. Id. at 890. In concluding that California robbery was broader than generic robbery, the Court found that California robbery encompassed a broader range of threats than the generic offense of robbery, which it defined as "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." Id. (emphasis added). Because California robbery reached takings through threats to property and other threats of unlawful injury,

---

(1) The fear of an unlawful injury to the person or property of the person robbed, or of any relative of his, or member of his family; or,

(2) The fear of an immediate and unlawful injury to the person of any one in the company of the person robbed at the time of the robbery."

Idaho Code § 18-6502.

[3] California Penal Code § 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

4

the Court therefore concluded it did not match the generic offense of robbery. Id. at 891.

(emphasis added).

But the Court's analysis did not end there. Id. at 891-92. Because "takings

through threats to property and other threats of unlawful injury fall within generic

extortion, which is also defined as a crime of violence," the Court explained that

California robbery was a categorical match to a combination of generic robbery **and**

generic extortion. Id. Simply put, even though California robbery included threats not

encompassed by generic robbery, those other threats still constituted generic extortion.

Becerril-Lopez, 541 F.3d at 892.

The Court went on to state that it was not significant that California robbery had

no immediacy requirement.  Indeed, the California statute encompasses a threat of future

harm to the victim or the victim's family. But it made no difference because the Court

held that generic extortion contained no requirement that the threat be of immediate

harm. Id.  The threat of future harm therefore sufficed. Id.  Accordingly, the Court held

that California robbery—which is identical to Idaho robbery—qualified as a crime of

violence under the guidelines. Id. at 893.

The Ninth Circuit later applied this same analysis to conclude that Nevada

robbery[4]—which is nearly identical to the Idaho robbery statute at issue here—qualified

---

[4] Nevada robbery is defined as "the unlawful taking of personal property from the person of another, or in the person's presence, against his or her will, by means of force or violence or fear of injury, immediate or future, to his or her person, or the person of a member of his or her family, or of anyone in his or her company at the time of the robbery. Nev. Rev. Stat. § 200.380(1).

as a crime of violence.  See United States v. Harris, 572 F.3d 1065, 1066 (9th Cir. 2009)

(holding that any conduct under Nevada robbery that did not satisfy the generic definition

of robbery, such as threats to property, nonetheless satisfied the generic definition of

extortion).  In sum, California and Nevada robbery were categorical matches to a

combination of generic robbery (threats to persons) and generic extortion (threats to

property); as such they qualified as crimes of violence under the guidelines.

### 2. The Effect of the 2016 Amendments to the Guidelines Compelled Courts to Conclude that Robbery Was Not a Crime of Violence

Following the Becerril-Lopez holding, the Sentencing Commission amended the

enumerated-offenses clause by adding (for the first time) a definition of "extortion."[5]

USSG Supp. Appx. C, Amend. 798 (Aug. 1, 2016). This new definition narrowed the

offense of extortion by requiring that the wrongful use of force, fear, or threats be

directed against the person of another, not property. USSG § 4B1.2 cmt. n.1. This

effectively abrogated Becerril-Lopez's definition of generic extortion, which included

threats to property.

Because extortion no longer included threats to property, per the new definition

effective August 1, 2016, California and Nevada robbery were no longer categorical

matches to a combination of generic robbery and guidelines-defined extortion. See

United States v. Bankston, 901 F.3d 1100, 1103-04 (9th Cir. 2018) (finding that Becerril-

Lopez's definition of generic extortion was no longer controlling because the 2016

---

[5] Up until 2016, robbery was only listed in the commentary to § 4B1.2 as an enumerated offense. The August 1, 2016, amendment to the guidelines specifically listed robbery in the Guideline's text as an enumerated offense.

amendment to the career-offender guideline, which defined extortion for the first time, narrowed the offense by omitting threats to property). The result of this amendment eventually compelled every circuit court to conclude that robbery was not a crime of violence under the guidelines. United States v. Austin, Case No. 2:22-cr-00010, 2024 WL 3256535 at *2, n.23 (D. Nev. June 28, 2024) (explaining that this was an unintended outcome of the 2016 amendment to the career-offender guideline) (citing U.S. Sent'g Comm'n, Amend. to the Sent'g Guidelines, 58–59 (2023)).

Similarly, this new guideline definition of extortion also meant that Hobbs Act robbery was not a crime of violence for guideline purposes because Hobbs Act robbery can be committed with threats of force to property. See i.e., United States v. Prigan, 8 F. 4th 1115, 1121 (9th Cir. 2021) (Because Hobbs Act robbery sweeps more broadly than generic federal robbery, Hobbs Act robbery is not categorically "robbery" under §4B1.2(a)'s enumerated offense clause.); United States v. Eason, 953 F.3d 1184, 1193-94 (11th Cir. 2020) ("we compare the elements of Hobbs Act robbery with the elements of 'robbery' and 'extortion' in the Guidelines"). Because both generic federal robbery and guidelines-defined extortion include only crimes against the person, and Hobbs Act robbery reaches force against either person or property, it did not qualify as a crime of violence under the guidelines. See United States v. Rodriguez, 770 Fed. Appx. 18, 21-22 (3rd. Cir. 2019).

### 3. The Effect of the 2023 Amendments to the Guidelines Corrected the Unintended Outcome of the 2016 Amendments that Compelled Courts to Conclude Robbery Was Not a Crime of Violence

Even as courts throughout the country were holding that Hobbs Act robbery was

not a crime of violence under the guidelines, they were noting that this could change because the Sentencing Commission had proposed an amendment to define robbery to match Hobbs Act robbery.  Rodriguez, 770 Fed. Appx. at 21. For instance, in Rodriguez, the Third Circuit held that Hobbs Act robbery did not categorically match generic robbery nor guidelines-defined extortion, but it forecasted that this holding would change in the event the Sentencing Commission were to adopt the proposed amendments to redefine robbery.  Id. ("If [the Sentencing Commission] adopts these amendments, future courts will have to revisit this issue.").  These amendments, which eventually went into effect on November 1, 2023, added (for the first time) a definition of robbery under the enumerated-offenses clause.  This new definition of robbery "corrected an unintended outcome of the 2016 amendments to the sentencing guidelines that compelled every circuit court to conclude that robbery was not a crime of violence under the guidelines." Austin, Case No. 2:22-cr-00010, 2024 WL 3256535 at *2, n.23 (citing U.S. Sent'g Comm'n, Amend. to the Sent'g Guidelines, 58–59 (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf).

Robbery is now defined by the guidelines as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force or violence, or fear of injury, immediate or future, to his person or property." USSG § 4B1.2(e)(3).  In short, this new definition of robbery encompasses both generic robbery and generic extortion, which effectively means that most state robbery statutes once again qualify as crimes of violence for guidelines

purposes.  This would include California robbery because the <u>Becerril-Lopez's</u> holding was abrogated for only one reason: the 2016 Amendments included a definition of extortion that was narrower than generic extortion because it only included the use of force and threats of force against a person, rather than property.  <u>Bankston</u>, 901 F.3d at 1103-04 (finding that <u>Becerril-Lopez's</u> definition of generic extortion was no longer controlling because the 2016 amendment narrowed the offense by omitting threats to property). With this new definition, guidelines for robbery now include both threats of force to person <u>and</u> property.  Thus, the <u>Becerril-Lopez's</u> holding is once again good law.

Unfortunately, there are not yet any reported decisions analyzing this new definition to any state robbery statutes, but because every instance of Idaho robbery, which is identical to California robbery and includes threats to property and person, both immediate and future, satisfies the guidelines definition of robbery, it qualifies as a crime of violence under the enumerated-offenses clause. <u>Becerril-Lopez</u>, 541 F.3d at 892.  For all the reasons stated above, Barker is a career offender for guideline purposes because he has two convictions for Idaho robbery, which qualify as crimes of violence under the enumerated-offenses clause.  As such, the career-offender enhancement applies.

### C.  Federal Bank Robbery Qualifies as a Crime of Violence Under Both the Elements Clause and the Enumerated Offenses Clause

In 2017, Barker plead guilty to one count of bank robbery by force and violence, or intimidation in violation of 18 U.S.C. § 2113(a).  PSIR ¶ 34; <u>see</u> <u>United States v. Jay Douglas Barker</u>, Case No. 3:17-CR-00071 (D.N.D).  The Court need not address the issue of whether this prior conviction qualifies as a crime of violence because Barker has

9

two prior convictions for Idaho robbery, as argued above.  Regardless, the United States

submits that this conviction also qualifies as a crime of violence for guideline purposes.

The text of the federal bank robbery statute provides, in relevant part:

> Whoever, by force and violence, or by intimidation, takes, or attempts to
> take, from the person or presence of another, or obtains or attempts to
> obtain by extortion any property or money or any other thing of value
> belonging to, or in the care, custody, control, management, or possession,
> of, any bank, credit unition, or any savings and loan association;
>
> . . .
>
> Shall be fined under this title or imprisoned not mor than twenty years, or
> both.

18 U.S.C. § 2113(a).

*Elements Clause*

Turning first to the elements clause, it is apparent that the federal bank robbery

statute sweeps more broadly than the definition set forth under § 4B1.2(a)(1). The

elements clause requires the use, attempted use, or threatened use of "physical force

against the person of another."  Because 18 U.S.C. § 2113(a) covers crimes of extortion

directed at federally insured banks, it does not include as an element the use of force,

much less the threatened use of force against another person. Section 2113(a) therefore

criminalizes some conduct which qualifies as a crime of violence, as well as some

conduct that does not.  The issue, therefore, turns on whether the federal bank robbery

statute is divisible between its robbery and extortion provisions.  It is.

A plain reading of the statute supports the conclusion that robbery and extortion

are separate crimes with separate elements, rather than one crime with alternative means

of committing robbery. United States v. Armstrong, Jr., 122 F.4th 1278, 1286 (11th Cir. 2024).  As the Eleventh Circuit recently held: "The statute's distinction between 'taking' and 'obtaining' reflects the fundamental division between robbery and extortion, namely, that robbery involves taking possession of the property of another *against his will* while extortion involves the taking possession of the property of another *with consent*—albeit grudging or coerced." Id. Although both crimes, robbery and extortion, require the defendant to give up his property, which he or she would not have otherwise done, the crime of robbery must be against the victim's will whereas the crime of extortion must be with the victim's consent.[6] Id.

The Eighth Circuit has yet to squarely address whether § 2113(a) is divisible between bank robbery - committed by force and violence, or by intimidation - or bank extortion, but many circuits have.  All but one has concluded it is divisible. See United States v. Vines, 134 F.4th 730, 734-35 (3rd Cir. 2025) (holding that § 2113(a) includes two offenses: one that criminalizes taking a bank's property by force and violence, or by intimidation and the other criminalizes obtaining a bank's property by extortion); United States v. Armstrong, Jr., 122 F.4th 1278, 1287 (11th Cir. 2024) (holding that § 2113(a) is

---

6 The legislative history also supports this interpretation of the statute. Armstrong, Jr., 122 F.4th at 1286-87. The bank robbery statute was amended in 1986 to add the language of extortion, thereby resolving a circuit split as to whether extortion of federally insured banks was properly prosecuted under the Hobbs Act, or under the bank robbery statute. Id. (citing H.R. Rep. 99-797, 33 (1986) ("section 51 amends 18 U.S.C. § 2113(a) expressly to cover crimes of extortion directed at federally insured banks.") Because § 2113(a) only prohibited robbery by force and violence, or intimidation before 1986, it is logical to conclude therefore that bank extortion is a separate crime and not merely a means of committing bank robbery.  Id.

a divisible statute that prohibits two distinct offenses: bank robbery and bank extortion); King v. United States, 965 F.3d 60, 69 (1st Cir. 2020) (holding "that robbery and extortion under § 2113(a) are alternative elements of distinct offenses"); United States v. Evans, 924 F.3d 21, 28 (2nd Cir. 2019) (holding that bank robbery under § 2113(a) is categorically a violent felony under the ACCA's force clause); United States v. Watson, 881 F.3d 782, 786 (9th Cir. 2018) (holding § 2113(a) "does not contain one indivisible offense," but instead "at least two separate offenses, bank robbery and bank extortion"); but see, United States v. Burwell, 122 F.4th 984, 989 (D.C. Cir. 2024) (holding that federal bank robbery statute is indivisible as to extortion; force and violence, intimidation, and extortion are different means by which one can rob a bank).

Even though the Eighth Circuit has not explicitly held § 2113(a) includes two crimes—bank robbery that can be committed by force and violence, or intimidation and bank extortion—it has implicitly acknowledged that federal bank robbery defines more than one crime. See United States v. Harper, 869 F.3d 624, 626-27 (8th Cir. 2017) (noting defendant "implicitly concede[d] that each paragraph of § 2113(a) defines at least one separate crime."). In Harper, the defendant focused his challenge on the crime defined in the first paragraph of § 2113(a). Specifically, he argued that his prior federal conviction for bank robbery was not a predicate crime of violence because it could be committed by intimidation, "the most innocent conduct penalized under § 2113(a)." Id. at 626. The Eighth Circuit disagreed, concluding that intimidation necessarily involved the threatened use of force. The Court's reasoning was simple. Id. at 626. Because it could be inferred from the robber's actions that such a threat involved a "threat of bodily

12

harm," the Court held that federal bank robbery—at least the crime defined in the first paragraph—qualifies as a crime of violence under the element's clause of the career-offender guideline. Id.

Importantly, the Court's Harper opinion never mentioned extortion under § 2113(a).  Under the statute, robbery may be committed by force and violence, or by intimidation, or by extortion, the latter two acts not requiring any element of actual use of force.  If the Court viewed extortion as a means of committing bank robbery (rather than a separate offense), surely it would have signaled, perhaps even expressly wrote, that such conduct was the least criminalized or innocent conduct under § 2113(a).  But it did not, presumably because it viewed bank extortion as a separate crime.  This means that robbery by extortion, which is defined as obtaining, rather than taking, property of another with one's consent, rather than against one's will, is a separate offense because it would be even less serious than robbery by intimidation.  See Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 403 (2003) (holding that common-law extortion requires that property must be obtained).

Because § 2113(a) is divisible into two criminal offenses, the next step is to apply the modified categorical approach to determine whether Barker's crime of conviction was for bank robbery or bank extortion. This approach permits a court to look not only at the statute, but also the charging document, plea agreement, colloquy and comparable judicial records to identify which specific statutory provision served as the basis for the conviction.  Here, the 2017 Indictment reflects that Barker committed bank robbery under § 2113(a) because it expressly charged him with bank robbery "by force, violence, and

intimidation," rather than bank extortion. See (Attachment 2). Moreover, the Plea Agreement provides that Barker admitted to using what was initially believed to be a firearm, but was later determined to be a BB gun, to rob the Citizens Community Credit Union of $40,410, by threatening the lives of four employees. See (Attachment 3 at 2, ¶ 6). Accordingly, Barker's prior federal bank robbery conviction in violation of § 2113(a) is a crime of violence for purposes of the career-offender guideline. See Harper, 869 F.3d at 626 (holding that the least criminalized act under § 2113(a) is intimidation, which is a crime a violence under the elements clause).

*Enumerated Offenses Clause*

In any event, Barker's federal bank robbery conviction also qualifies as a crime of violence under the enumerated-offenses clause set forth at § 4B1.2(a)(2). As already stated above, the enumerated offense clause specifically lists robbery among the offenses that constitute a crime of violence. When an offense is enumerated as a crime of violence, the next step is to compare the elements of the crime of conviction to either the generic form of the offense, or as is the case here, the definition of the offense under the guidelines. Here, robbery by force and violence, or intimidation under § 2113(a) easily matches the guidelines definition of robbery. Both 18 U.S.C. § 2113(a) and the guidelines definition of robbery encompass the unlawful *taking* of property of another against one's will by, at a minimum, intimidation. Federal bank robbery, therefore, even when perpetrated by means of intimidation, is an enumerated offense that qualifies as a crime of violence under § 4B1.2(a).

14

## Conclusion

Because Barker committed three crimes of violence—two Idaho robberies and one federal bank robbery—he was correctly designated in the PSIR as a career offender under the guidelines.

Dated:  June 1, 2026

NICHOLAS W. CHASE
United States Attorney


By:  */s/ Jennifer Klemetsrud Puhl*
JENNIFER KLEMETSRUD PUHL
First Assistant United States Attorney
ND Bar ID 05672
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
jennifer.puhl@usdoj.gov
Attorney for United States

15